THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLEM YUSKAUSKAS, Plaintiff in Error.

*Opinion filed June 24, 1915.*

1. APPEALS AND ERRORS—*abstract of record must be complete.* An abstract of record must be full and complete and in accordance with the rules of the court, and the court will not explore the record to find errors to sustain the assignments of error.

2. CRIMINAL LAW—*when indictment will not be quashed.* An indictment is good which charges the offense of mayhem in the words of the statute with reference to the act and the intent, and a motion to quash the indictment will be overruled.

3. SAME—*intent is a question for the jury to determine from the evidence.* The question whether the accused had the intent to commit the crime with which he is charged is a question for the jury among other facts in the case, and the jury are not bound to accept the testimony of the accused on that point.

4. SAME—*what may show criminal intent.* Criminal intent may be manifested by the circumstances connected with the perpetration of the offense, without any positive testimony as to such intent.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

P. L. JORGENSON, for plaintiff in error.

P. J. LUCEY, Attorney General, and R. J. DADY, State's Attorney, (E. M. RUNYARD, and GEORGE P. RAMSEY, of counsel,) for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Plaintiff in error was indicted by the grand jury of the circuit court of Lake county, at the October term thereof, 1914, for the crime of mayhem. A motion was made to quash the indictment, which was overruled and plaintiff in error entered a plea of not guilty. He was tried before a jury, which returned a verdict of guilty. Motions for a new trial and in arrest of judgment were made in behalf of the plaintiff in error and were respectively overruled, and

judgment was entered on the verdict and he was sentenced to the penitentiary. He has sued out a writ of error to reverse the judgment of the circuit court, assigning as error that the verdict was contrary to the law and evidence; that the court erred in not sustaining the motion of plaintiff in error after taking the testimony on behalf of the People, and the same motion after all the testimony was taken, to return a verdict for plaintiff in error; and that the court erred in admitting improper evidence over the objection of plaintiff in error.

It is insisted by the Attorney General that the judgment should be affirmed for the reason that the abstract of record is defective in not showing the errors relied upon, and an examination of the abstract filed in this case shows that the objection to it is well taken. Only the second count of the indictment is set out, and that in an additional abstract of record furnished by the Attorney General. The original abstract furnished, to which objections are made, does not refer to the pages of the record, is not an abstract of the record, and does not show the errors relied upon. An abstract of record must be full and complete and in accordance with the rules of the court. The court will not explore the record to find errors to sustain the assignments of error. *Gibler* v. *City of Mattoon,* 167 Ill. 18; *Gilman* v. *People,* 178 id. 19; *Hobbs* v. *People,* 183 id. 336.

We have, however, examined the record. There were two counts to the indictment. The second count charges that the defendant, on the 21st day of July, 1914, "with force and arms did then and there unlawfully, maliciously and feloniously make an assault in and upon one Katarina Yuskauskas, * * * with the unlawful, malicious and felonious intent to then and there maim and disfigure the said Katarina Yuskauskas, * * * with the teeth of him, the said Willem Yuskauskas, did then and there unlawfully and feloniously mutilate the nose of said Katarina Yuskauskas, * * * with the unlawful, felonious and malicious

intent to then and there and thereby, and in the manner aforesaid, unlawfully, maliciously and feloniously maim and disfigure the said Katarina Yuskauskas." The first count of the indictment was similar, and in apt words charged that plaintiff in error cut the nose of Katarina Yuskauskas with intent to disfigure her.

Section 207 of the Criminal Code defines the crime of mayhem' and fixes the punishment thereof, as follows: "Whoever, with malicious intent to maim or disfigure, cuts or maims the tongue, puts out or destroys an eye, cuts or tears off an ear, cuts, slits or mutilates the nose or lip, cuts off or disables a limb or other member of another person, shall be imprisoned in the penitentiary not less than one nor more than twenty years, or fined not exceeding $1000, and confined in the county jail not exceeding one year." Each count of the indictment charges the offense in the words of the statute and was good.

It is also insisted that the evidence does not show the crime to have been committed with premeditation, and that there was no intent on the part of the plaintiff in error to commit the crime with which he was charged. It sufficiently appears from the testimony of the prosecuting witness, Katarina Yuskauskas, who was the wife of plaintiff in error, and from the testimony of her father, mother and sister, that the prosecuting witness was living apart from her husband, at the home of her father. The plaintiff in error came to the house where his wife lived about eleven o'clock at night on the date he was alleged to have committed the crime, and forcibly entered the house and the room where the prosecuting witness and her sister were sleeping, through a window. The father of the prosecuting witness attempted to come to her assistance in response to her cries for help, but plaintiff in error forced him out of the room and locked him in another room of the house, threatened his wife's sister with a revolver and drove her out of the room, threw his wife on the bed, and, as she

testified, tried to squeeze her eyes out, struck her, knocked her down on the floor and bit off a portion of her nose with his teeth. Dr. Gourley testified that he was called to the house soon after the occurrence related by the other witnesses, to attend the wife of plaintiff in error; that her nose had been mutilated, and a portion of her nose about an inch in length and from one-half to three-eighths of an inch in width at the base, tapering to the thickness of the skin at the upper portion, along with the center portion of the cartilage, had been torn off. He had her taken to a hospital and removed portions of skin from her arm and grafted it on her nose.

Plaintiff in error, who was a witness in his own behalf, did not deny the assault upon his wife or that he committed the crime with which he was charged, but testified that his wife had been going out with other men and he went to the house with the purpose of frightening her and beating her up, and that he had no intention of biting off her nose or injuring her in any manner. The question whether plaintiff in error had the intent to commit the crime with which he was charged was a question for the jury among other facts in the case, and while the plaintiff in error testified on the trial that he did not intend to injure her, the jury evidently thought that his actions spoke louder than words. The verdict was justified by the evidence. In fact, it can hardly be seen how the jury could have found otherwise than that plaintiff in error was guilty as charged. Criminal intent may be manifested by the circumstances connected with the perpetration of the offense without any positive testimony as to such intent. (*Dahlberg* v. *People*, 225 Ill. 485; *McCoy* v. *People*, 175 id. 224; *Crosby* v. *People*, 137 id. 325.) In the latter case it was said, on page 336 of the opinion: "It is not necessary to a conviction, however, that an express intention need be proved. Every sane man is presumed to intend the natural and probable consequences of his act, and it has been uniformly held, therefore, that

the intent may be inferred from the acts of the person charged with crime as well as by words or declarations."

No evidence has been pointed out that was improperly admitted. It clearly appears from the record that the plaintiff in error was guilty of the crime with which he was charged and was properly indicted and convicted. From a careful examination of the entire record it appears that he was given a fair trial, was ably represented by counsel, his interests were fully protected by the court, and we are unable to find any error that would justify a reversal. The judgment will accordingly be affirmed.

*Judgment affirmed.*