(No. 12965.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN HORAN, Plaintiff in Error.

*Opinion filed June 16, 1920.*

1. CRIMINAL LAW—*under section 27 of Municipal Court act defendant may be prosecuted on information by individual.* Under section 27 of the Municipal Court act any person may file an information against a defendant for a misdemeanor where the section is complied with in every particular, and if the case is one which the Attorney General or State's attorney is not required to prosecute, the information may be prosecuted by the complainant or his attorney.

2. SAME—*definition of the word "traffic."* Traffic in property is the interchange of goods or commodities, either by barter or buying or selling between countries, communities or individuals, and necessarily includes all the incidents of such business and trade at wholesale or retail and the delivery of the subject of the traffic.

3. SAME—*section 4 of act of 1881, relating to deadly weapons, is unconstitutional as not within title of act.* Section 4 of the act of 1881, (Hurd's Stat. 1917, p. 958,) which prohibits the carrying of concealed weapons, is unconstitutional as not being within the title of the act, which is to regulate the "traffic in deadly weapons and to prevent the sale of them to minors."

4. SAME—*defendant convicted of bailable offense is entitled to stay of mittimus while applying for supersedeas—acknowledgment.* A defendant convicted of a bailable offense who desires to prosecute a writ of error is entitled to a reasonable time to be fixed by the court in which to make application for a *supersedeas,* and during that time he is entitled to have the *mittimus* stayed and to be admitted to bail, and where the judgment is for a fine and costs he has a right to acknowledge judgment by giving bond with sufficient sureties.

5. SAME—*if the statute violated is unconstitutional, judgment of conviction must be reversed.* A writ of error is a new suit upon the record and brings up the whole record for review, including rulings of the court after judgment; but where the statute under which the defendant was convicted is unconstitutional, the judgment must be reversed and the subsequent orders fall with the reversal.

6. CONSTITUTIONAL LAW—*object of provision that subject shall be expressed in title of act.* The object of the constitutional provision that no statute shall contain more than one subject and that

shall be expressed in the title of the act is that the title shall give information of the subject of legislation with which the act deals, and said provision prevents the inclusion in an act of unrelated matters not fairly expressed in the title.

7. SAME—*provision that subject of act must be expressed in title is to be liberally construed.* The constitutional provision that the subject of an act must be expressed in the title should be liberally construed and the title may be in very general terms, but it must be so comprehensive as to reasonably include every provision of the act and the act must have a single object.

8. SAME—*provisions of an act must have a tendency to promote object expressed in title.* The constitutional provision that the subject of an act must be expressed in the title requires that there must be some reasonable relation between the provisions of the act and the subject expressed in the title, and the provisions must in some reasonable sense have a tendency to promote the object of the act.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. C. A. WILLIAMS, Judge, presiding.

GEORGE W. BLACKWELL, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and SUMNER S. ANDERSON, (EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, John Horan, was charged in an information filed in the municipal court of Chicago with a violation of section 4 of the act entitled "An act to regulate the traffic in deadly weapons and to prevent the sale of them to minors," (Laws of 1881, p. 73,) which appears as section 54d of the Criminal Code in Hurd's compilation of statutes, by carrying on his person, concealed, a loaded revolver. He waived a trial by jury and was tried and found guilty and fined $175. Judgment was entered for the fine

and costs, and he was ordered committed to the house of correction until the fine and costs should be worked out at $1.50 per day or until he should be discharged according to law.

The information was presented and sworn to by Thomas Kelleher, and the information having been examined by the court, leave was granted to file it. Thomas Kelleher was not the State's attorney or his assistant, but section 27 of the act creating the municipal court provides that all criminal cases in which the punishment is by fine or imprisonment other than in the penitentiary may be prosecuted by information of the Attorney General or State's attorney or some other person, but before an information is filed by any person other than the Attorney General or State's attorney one of the judges shall examine the information, and may examine the person presenting the same and require other evidence and satisfy himself that there is probable cause for filing the same and so indorse the same. The act was complied with in every particular, and the court did not err in permitting the information by Thomas Kelleher to be filed.

The court permitted an attorney who was not the State's attorney or his assistant to prosecute the information, but the same section 27 provides that in the municipal court, which took the place of justices of the peace, criminal cases in which the punishment is by fine, only, may in the discretion of the court be prosecuted by complainant as provided by law for the prosecution of criminal cases before justices of the peace, where it is not essential that the prosecution should be by the Attorney General or State's attorney.

It was insisted in the municipal court, and was the ground for motions for a new trial and in arrest of judgment, that section 4, *supra,* violates section 13 of article 4 of the constitution because the subject of carrying concealed weapons is not included within the title, which relates only to the regulation of traffic in deadly weapons and the prevention of their sale to minors. Section 56 of the revised

Criminal Code of 1874, as amended in 1879, provides that whoever shall carry concealed weapons or in a threatening manner display any pistol, knife, slung-shot, brass, steel or iron knuckles or other deadly weapon, shall be fined not exceeding $100. But the prosecution of the plaintiff in error was not for a violation of that section. Section 1 of the act under which he was prosecuted forbids either the possession or sale, loan, hire or barter of any slung-shot, metallic knuckles or other deadly weapon of like character, and as to these weapons the prohibition of traffic is absolute. Section 2 forbids the sale, gift, loan, hire or barter, except by a father, guardian or employer, to any minor of any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character capable of being secreted upon the person. This is a qualified prohibition of a sale to a minor, and the regulation of traffic in deadly weapons would include a prohibition of sale to some particular class of individuals, such as minors. Section 3 is a regulation of the traffic in deadly weapons by retail dealers and contains no limitation or restriction upon such sales, but requires the dealer to keep a register containing the date of sale or gift, the name and age of the person to whom the weapon is sold or given, the price of the weapon and the purpose for which it is purchased or obtained, and the register is to be kept open for the inspection of the public. These sections impose no restriction or limitation upon the traffic in deadly weapons except the prohibition contained in the first section and the qualified prohibition in the second section. Section 4, which the plaintiff in error was charged with violating, is as follows: "Whoever shall carry a concealed weapon upon or about his person, of the character in this act specified, or razor as a weapon, or whoever, in a threatening or boisterous manner, shall display or flourish any deadly weapon, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200)." Section 6

provides that section 4 shall not apply to peace officers or persons called to their assistance.

The constitutional provision is that no act shall embrace more than one subject and that shall be expressed in the title, but if any subject shall be embraced in any act which shall not be expressed in the title such act shall be void only as to so much thereof as shall not be so expressed. The object of the provision is that the title shall give information of the subject of legislation with which the act deals, and it prevents the inclusion in an act of unrelated matters not fairly expressed in the title. While an act must have a single object clearly expressed in the title, the provision is to be liberally construed, as has been stated in numerous decisions. (*People* v. *McBride,* 234 Ill. 146; *People* v. *Nellis,* 249 id. 12.) The title may be in very general terms, but it must be so comprehensive as to reasonably include every provision of the act. The subject of the act in question as expressed in the title is the regulation of traffic in deadly weapons and to prevent the sale of them to minors, and as the prevention of sales to minors is included in the general subject of traffic, every provision of the act must come within the commonly understood meaning of traffic in deadly weapons. The meaning of traffic in property is the interchange of goods or commodities, either by barter or buying or selling, between countries, communities or individuals. It relates to commercial exchange of goods, wares or any kind of merchandise, whether by barter or the use of money, bills of exchange or other like means. (Webster's Dict.; Standard Dict.) It necessarily includes all the incidents of such business and trade at wholesale or retail and the delivery of the subject of the traffic.

The subject of section 4 is the concealment upon or about the person of a deadly weapon or the display of the same in a threatening or boisterous manner. The whole purpose of the section is to prevent concealment of deadly weapons upon the person, and it is neither a condition nor

of any importance where, how or when the person carrying the concealed weapon has acquired the same or whether he is a minor or an adult. The reason for the exemption of peace officers by section 6 is apparent if the exemption relates to concealment and not to traffic, as it manifestly does. Section 4 has no provision on the subject of traffic, and declares a penalty for concealment of a deadly weapon whether acquired by one means or another. All human activities, however diverse or concerning different subjects, are in some remote sense related to each other, but the constitutional provision requires that there must be some reasonable relation between a provision and the subject expressed in the title, and the provision must in some reasonable sense have a tendency to promote the object of the act. The object, and the only object, of section 4 is to prevent concealment of a deadly weapon upon a person and not to prevent or regulate traffic in or possession of deadly weapons, and it is wholly unrelated to the title. Cases sustaining legislation against the transportation of property into localities where its sale is prohibited do not tend to sustain section 4 as within the title. In *Commonwealth* v. *Intoxicating Liquors,* 172 Mass. 311, *Commonwealth* v. *People's Express Co.* 201 id. 564, *Adams Express Co.* v. *Commonwealth,* 129 Ky. 420, and *State* v. *Wignall,* 150 Iowa, 650, the acts sustained related to the transportation or delivery of intoxicating liquors in local option territory or where such liquors could not be lawfully sold and were directly intended to prevent unlawful traffic. They give no support to the conviction in this case.

After motions for a new trial and in arrest of judgment had been overruled and judgment entered, counsel for the plaintiff in error moved the court that the *mittimus* be stayed upon the defendant giving bond for fifteen days under the act of June 25, 1917, (Laws of 1917, p. 338,) in order that he might apply for a *supersedeas,* but the court refused to suspend the issuing of the *mittimus.* A defendant convicted

of any criminal offense which under the law is bailable, who desires to prosecute a writ of error to reverse the judgment, is entitled to a reasonable time to be fixed by the court in which to make application for a *supersedeas* and during that time is entitled to be admitted to bail. The motion for a stay having been denied, the plaintiff in error then offered to acknowledge judgment in favor of the People for the amount of the fine and costs, with sureties who were then in court, under the provisions of section 16 of division 14 of the Criminal Code. The right to replevy a judgment for fine and costs was under section 193 of the Criminal Code in the Revised Statutes of 1845, and section 16 gives an absolute right to a defendant to acknowledge a judgment with one or more sufficient sureties. The court refused to permit the acknowledgment. The answer in the brief for the People concerning the refusal to suspend the *mittimus* is the suggestion that the court had discretion in the matter, and to the refusal to permit an acknowledgment of the judgment, that the record does not show that the sureties lived within the city of Chicago and the judgment of the municipal court would be a lien upon their property. If the legislature had intended that the court should do as he pleased about staying a *mittimus* it would surely have said so, but, on the contrary, the court was given no discretion. It was an arbitrary denial of the right of the plaintiff in error to refuse to suspend the issuing of the *mittimus* for a reasonable time upon the defendant entering into a sufficient recognizance. The want of proof that the sureties lived within the city was not the reason for the court's action, but in response to the request to acknowledge judgment the court said, "No, you cannot blow hot and cold; you cannot come in here after trial and then acknowledge judgment," and the plaintiff in error was told to go ahead and get his *supersedeas*. The court having denied every motion of plaintiff in error and being about to commit him to the house of correction he elected to ac-

knowledge judgment as an alternative, but even that right was denied. There was no justification for the refusal.

A writ of error is a new suit upon the record and brings up the whole record for review. (*Smith* v. *Roath,* 238 Ill. 247; *Drummer Creek Drainage District* v. *Roth,* 244 id. 68.) The rulings of the court could be corrected on a writ of error, but inasmuch as the section under which the plaintiff in error was convicted embraced a subject unrelated to and not included in the title, and was therefore void, the judgment must be reversed, and the subsequent orders fall with the reversal.

The judgment is reversed.        *Judgment reversed.*

---

(No. 13246.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE CIONE, Plaintiff in Error.

*Opinion filed June 16, 1920.*