(No. 14807.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALEC ARMOUR, Plaintiff in Error.

*Opinion filed February 21, 1923—Rehearing denied April 4, 1923.*

1. CRIMINAL LAW—*errors relied upon must be shown in the abstract.* The abstract of the record filed in the Supreme Court must be sufficient to present every error and exception relied upon, as the court will not search the record to find errors not disclosed by the abstract.

2. SAME—*when an information charging pandering is sufficient.* An information under section 27 of the Municipal Court act, charging the defendant with the offense of pandering, is sufficient if signed and sworn to by the policewoman who filed the information.

3. SAME—*what necessary to support assignment of error in admission of evidence.* Before the accused can in a court of review take advantage of error as to the admission of evidence a proper objection must have been made in the trial court.

4. SAME—*when evidence must be held sufficient to sustain judgment.* That the defendant charged with pandering denies the acts to which the complaining witnesses testify and is corroborated to some extent by another witness testifying in his behalf is not, of

itself, ground for reversal, and where the abstract does not show that it contains all the evidence that was presented to the trial court, the Supreme Court will presume that there was evidence heard which would justify the judgment.

5. SAME—*when constitutional question cannot be raised in the Supreme Court.* A defendant who has been convicted of a misdemeanor and has had a review in the Appellate Court cannot afterwards raise the question in the Supreme Court that the statute under which he was convicted is unconstitutional.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. WILLIAM R. FETZER, Judge, presiding.

EDWARD A. HALLIGAN, (JOHN D. FARRELL, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

An information was filed in the municipal court of Chicago charging plaintiff in error, Armour, with the offense of pandering. He pleaded not guilty and in writing waived a trial by jury and was tried in the municipal court before a judge, found guilty and judgment was entered accordingly. The cause was taken by writ of error to the Appellate Court for the First District, where the judgment of the municipal court was affirmed, and it has been brought to this court by writ of error for further review.

The record shows that the information was signed and sworn to by Julia Cunningham, a policewoman of the city of Chicago. The testimony of two young women was heard on the trial to the effect that they had committed acts of prostitution in Armour's house, in Chicago, with his knowledge and consent, and that from each man with whom they.

committed the act of prostitution they collected pay, and that because Armour had sent these men to them they gave him part of what they received.

Numerous authorities are cited by counsel for plaintiff in error as tending to show that errors were committed in the trial of the case, but it is not specially pointed out, in connection with the authorities, wherein such errors were committed. Furthermore, as to many of the matters complained of as errors the abstract does not show the matters concerning which the alleged errors were committed. The rule of this court for years has required that the abstract filed with the record must be sufficient to present every error and exception relied upon. *Gibler* v. *City of Mattoon,* 167 Ill. 18; *Lasher* v. *Colton,* 225 id. 234.

Plaintiff in error contends that the trial court was without jurisdiction because the information was void. The abstract presented here does not set out such information and therefore does not show whether there is any ground for such criticism. This court has said it will not search the record to find errors not disclosed by the abstract. (*People* v. *Yuskauskas,* 268 Ill. 328.) However, an examination of the record does not show that the information is faulty in the particular complained of by counsel for plaintiff in error. Under the reasoning of this court in *People* v. *Horan,* 293 Ill. 314, it would seem from the record that section 27 of the Municipal Court act, regulating the filing of informations, was complied with.

Counsel for plaintiff in error also argue that the information was not sworn to. Here, again, the abstract does not set forth the matters required to indicate any such error, but it appears from the record that the information was sworn to by the policewoman, Julia Cunningham, and thus complies with the holding of this court in *People* v. *Clark,* 280 Ill. 160, relied on by counsel for plaintiff in error, and is in accord with the holding of this court in *People* v. *Horan, supra.*

Plaintiff in error also insists that certain hearsay testimony as to acts of prostitution at Twelfth street and Michigan avenue was heard, and that this evidence was improper because it was not shown that plaintiff in error had ever occupied a building or residence at Twelfth street and Michigan avenue and because his place of business was on West Thirty-third street. No objection was urged to the admission of this evidence. It has long been the rule of this court that before the accused can take advantage of error as to the admission of evidence a proper objection must be raised. *People* v. *Boetcher*, 298 Ill. 580.

It is argued by counsel that the evidence does not sustain the finding. It is true that plaintiff in error denied the testimony of the complaining witnesses and that he was corroborated to a certain extent by a witness he produced in his behalf. We have held that it is no ground for reversal that the defendant denies the acts to which the complaining witness testifies. (*People* v. *Zurek*, 277 Ill. 621.) The abstract does not show that it contains all the evidence that was presented to the trial court, and under such circumstances this court will presume that there was evidence heard which would justify the judgment. *People* v. *Adams*, 289 Ill. 339; *Redfern* v. *McNaul*, 179 id. 203.

It appears to be suggested that the statute under which the plaintiff in error was convicted is unconstitutional. The plaintiff in error having taken this case first to the Appellate Court and a decision having been rendered there, he cannot thereafter raise the constitutional question in this court. *Luken* v. *Lake Shore and Michigan Southern Railway Co.* 248 Ill. 377.

We find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*