(No. 16626.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAOUL VANNIER, Plaintiff in Error.

*Opinion filed June 18, 1925.*

1. CRIMINAL LAW—*when information may be filed in municipal court by person other than State's attorney.* An information charging neglect to provide for the defendant's minor children may be filed in the municipal court of Chicago by a person other than the State's attorney where the method of procedure prescribed in section 27 of the Municipal Court act is followed.

2. SAME—*defects not pointed out in motion to quash information cannot be considered on review.* Defects not pointed out by the defendant's written motion to quash an information in the municipal court of Chicago cannot be considered on review.

3. SAME—*when neglect to provide for minor children is not established by evidence.* An information filed in the municipal court of Chicago charging the defendant with neglect to provide for his minor children named therein is not established by the evidence where there is no testimony as to the names of the defendant's children or proof that any of the children named were at any time in the city of Chicago within eighteen months prior to the filing of the information, or that any of the defendant's children were in necessitous circumstances.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOSEPH BURKE, Judge, presiding.

RAOUL VANNIER, *pro se.*

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

In the municipal court of Chicago, upon an information filed by Fay Vannier, wife of plaintiff in error, (hereinafter called defendant,) defendant was tried before the court, a jury having been waived, found guilty and sentenced to pay the sum of $25 weekly to the clerk of the court for the use of defendant's children, upon the second count of the information, which charged that defendant "on the 26th day of February, A. D. 1924, at the city of Chicago, being then and there the father of Raoul, Jr., Marguerite and Lois Vannier, then and there minor children under the age of eighteen years, did then and there, without lawful excuse, neglect and refuse to maintain and provide for said children, said children then and there being in necessitous circumstances." The judgment of the municipal court having been affirmed upon writ of error by the Appellate Court for the First District, the record is now before this court for review upon writ of error.

It is contended by defendant that the court erred in not quashing the information because it was filed by a person other than the State's attorney. Section 27 of the act creating the municipal court provides that all criminal cases in which the punishment is by fine or imprisonment other than in the penitentiary may be prosecuted by information of the Attorney General or State's attorney or some other person, but before an information is filed by any person other than the Attorney General or State's attorney one of the judges shall examine the information, and may examine the person presenting the same and require other evidence and satisfy himself that there is probable cause for filing the same, and so endorse the same. This statutory method of

procedure was followed in the present case, and the court did not err in refusing to quash the information on that ground. *People* v. *Horan, 293* Ill. 314.

It is claimed by defendant that the information is defective in other respects, but such questions not having been raised by defendant's written motion to quash the information in the municipal court cannot be here considered.

It is contended by defendant that the evidence fails to show defendant's guilt beyond a reasonable doubt. The information specifically charged the defendant with the abandonment of Raoul, Jr., Marguerite and Lois Vannier. The evidence entirely fails to show that defendant ever had a child called by any one of those three names, none of these names being mentioned by any witness. The municipal court of Chicago has jurisdiction only over those criminal offenses which occur within the city of Chicago. There is no proof in the record that within eighteen months prior to the filing of the information any one of the three named children was at any time in the city of Chicago or that defendant in said city ever refused or neglected to maintain and provide for them. The evidence shows that defendant and Fay Vannier were married in 1917 and that as a result of such marriage three children were born. The undisputed evidence shows that on the 4th day of June, 1923, defendant's wife left his home in Oak Park, taking with her their three children, and that thereafter, although defendant requested at different times to see the children, he was not allowed to do so. He testified that at all times since his marriage he has been ready, able and willing to support his family in his own home. There is no proof in the record that at any time the children were in destitute or necessitous circumstances, the only evidence upon that subject being a statement in a letter written by defendant's attorney to defendant's wife containing the following statement: "Mr. Vannier says the two eldest children are apparently in need of winter clothing, and he is disposed to supply them as

far as his means will permit at this time. Kindly make out a list of their most urgent needs and let us have it and the articles will be purchased and delivered to you. It may be necessary to let him have the children for a few hours in order to get them." Mrs. Vannier admitted the receipt of the letter but made no reply thereto, for the reason, as she stated, that most of their needs had been supplied. The evidence in this case falls far short of showing defendant's guilt, beyond a reasonable doubt, of the crime charged in the information. *People* v. *Honaker*, 281 Ill. 295.

The judgment is reversed and the cause remanded to the municipal court of Chicago.

*Reversed and remanded.*