### State of Illinois, Defendant in Error, v. Ben Mayhue, Plaintiff in Error.

1. CRIMINAL PROCEDURE—*sufficiency of abstract to question indictment.* If sufficiency of an indictment or information is called in question, it should be set out in the abstract on appeal.

2. CRIMINAL PROCEDURE—*preservation of ruling on motion for continuance.* In order to review decision of court on motion for continuance, the motion, the grounds upon which it was based, the decision of the court thereon and an exception thereto must be made to appear by a bill of exceptions.

3. CRIMINAL PROCEDURE—*sufficiency of abstract to question ruling as motion for continuance.* There can be no review of decision on motion for continuance unless the motion, grounds, decision and exception are shown in the abstract.

4. CRIMINAL PROCEDURE—*when remarks of counsel to be shown in abstract.* When remarks of court and counsel are complained of, they must be shown in the abstract.

5. CRIMINAL PROCEDURE—*bill of exceptions necessary to preserve instructions.* Instructions become a part of the record only when preserved in the bill of exceptions.

6. CRIMINAL PROCEDURE—*necessity that abstract set out instructions.* Error cannot be predicated upon the rulings of the court in the giving or refusal of instructions unless all instructions are set out in the abstract.

7. CRIMINAL PROCEDURE—*necessity for incorporating motion for new trial in bill of exceptions.* A motion for new trial does not become a part of the record unless it is incorporated in the bill of exceptions, and it is not sufficient that the clerk in writing up the judgment recites the denial of a motion for new trial and an exception thereto.

8. CRIMINAL PROCEDURE—*sufficiency of abstract on appeal.* The

abstract must be sufficient to present every error relied upon, as the reviewing court will not search the record to find errors not disclosed by the abstract.

9. CRIMINAL PROCEDURE—*what is excessive punishment.* A punishment authorized by law cannot be said to be disproportionate to the nature of the offense unless the law itself is subject to that objection.

Error by defendant to the County Court of Hamilton county; the Hon. J. M. LEE, Judge, presiding. Heard in this court at the March term, 1925. Affirmed. Opinion filed August 5, 1925.

G. W. HOGAN, JR., and J. H. LANE, for plaintiff in error.

W. W. DAILY, State's Attorney, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error contends that the indictment is wholly insufficient to charge a criminal offense; that the court erred in overruling his motion for a continuance; that improper instructions were given on behalf of the people; that the State's Attorney made improper remarks in his argument to the jury; that the verdict is contrary to the evidence; that the punishment inflicted by the court is excessive.

The abstract of the record gives us no information as to these several matters except as to the evidence. It simply says: "Copy of indictment." "Instructions given on the part of the people." "Instructions given on the part of the defendant." "Record of the case made during the argument of the case." It shows that the court rendered judgment on the verdict but there is no showing as to what punishment was inflicted. What purports to be the original bill of exceptions is filed here as a part of the record but it is not certified by the clerk of the trial court. It does not contain the motion or affidavit for continuance or any of the instructions, the motion for a new trial or

in arrest of judgment. All of these matters are certified by the clerk as a part of the common-law record.

If the sufficiency of an indictment or information is called in question it should be set out in the abstract. *People v. Armour,* 307 Ill. 234-236. In order to review the decision of the court on a motion for continuance, the motion, the grounds upon which it was based, the decision of the court thereon and an exception thereto must be made to appear by a bill of exceptions (*Bromwell v. Bromwell's Estate,* 139 Ill. 424), and must be shown in the abstract. *People v. Marshall,* 309 Ill. 122. When the remarks of court or counsel are complained of they must be shown in the abstract. *People v. Sunesson,* 314 Ill. 402. Instructions become a part of the record only when preserved in the bill of exceptions. *Indiana, D. & W. Ry. Co. v. Hendrian,* 190 Ill. 501; *People v. Ellis,* 309 Ill. 51. Error cannot be predicated upon the rulings of the court in the giving or refusal of instructions unless all instructions are set out in the abstract. *Thompson v. People,* 192 Ill. 79; *Reavely v. Harris,* 239 Ill. 526.

A motion for new trial does not become a part of the record unless it is incorporated in the bill of exceptions. *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69. It is not sufficient that the clerk in writing up the judgment recites the denial of a motion for new trial and an exception thereto. *People v. Faulkner,* 248 Ill. 158; *Greenwell v. Hess,* 298 Ill. 459. The abstract must be sufficient to present every error relied upon as the court will not search the record to find errors not disclosed by the abstract. *People v. Paul,* 167 Ill. App. 557; *People v. Yuskauskas,* 268 Ill. 328; *People v. Armour,* 307 Ill. 234.

The court imposed a fine of $600 and sentenced plaintiff in error to six months at the Illinois State Farm. It is within the limits prescribed by the statute. A punishment authorized by law cannot be said to be disproportionate to the nature of the offense unless the law itself is subject to that objection. *People*

*v. Elliott*, 272 Ill. 592. In view of the state of the record and the foregoing authorities, it is our duty to affirm the judgment.

*Affirmed.*