(No. 20721.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FREDERICK SPIES, Plaintiff in Error.

*Opinion filed June 18, 1931.*

JAY J. McCARTHY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Frederick Spies, entered a plea of guilty to an information filed in the municipal court of Chicago charging him with the larceny of personal property of the value of $14.60, and was sentenced by the court to imprisonment in the county jail for one year and to pay a fine of one dollar. Susequently plaintiff in error made a motion before the chief justice of said court to have the judgment as entered by the clerk amended by striking out certain parts thereof, so that the judgment would conform to the original memoranda made by the clerk from which the judgment was written up. This motion was denied. A motion was then made to vacate the judgment on the ground that the original memoranda prepared by the clerk, from which the judgment was written up, did not contain sufficient facts "on which to predicate the commitment of the defendant to the county jail." This motion was also denied. The Appellate Court on writ of error affirmed the judgment, and plaintiff in error has sued out a writ of error from this court for a further review of the record.

According to the statement of plaintiff in error in his brief the judgment as recorded contains the following words: "And the court having fully explained to defendant the consequences of entering such plea, and the defendant still persisting in pleading guilty as aforesaid, it is ordered that said plea be and the same hereby is received and recorded." It is also stated in plaintiff in error's brief that the clerk's original memoranda or "half-sheet," from which the judgment was written up, contains only the following words, sentences and figures: "Defendant arraigned, warned and still persisting plea guilty. Judgment on plea defendant guilty of larceny of property of $14.60. Defendant sentence to county jail for term of one year and fined $1.00 and costs and stand committed thereafter in county jail until fine and costs paid or defendant discharged

according to law." It is contended by plaintiff in error that from the showing he has made in his brief the clerk's original memoranda or notes fail to show, and are insufficient to support, a finding in the judgment that the consequences of entering a plea of guilty were explained to plaintiff in error, and that said memoranda also failed to show that sentence was imposed on plaintiff in error by the trial judge.

The abstract of record prepared by plaintiff in error does not show or purport to show the contents of the judgment entered in this case and does not show the contents of the clerk's original memoranda or half-sheet. In fact, there is no abstract of the judgment or of the half-sheet claimed to be entered in this record. The abstract is for those reasons insufficient to present the errors relied upon for reversal. A party bringing a case to this court for review is required, under the rules of the court, to furnish a complete abstract of the record, properly indexed, such as will fully present the errors relied upon and be sufficient for the examination and determination of the questions involved, without resort to the written record. We have frequently held that we will not search the record for errors to reverse the judgment. (*People* v. *Armour*, 307 Ill. 234; *People* v. *Yuskauskas*, 268 id. 328; *Hickox* v. *City of Springfield*, 208 id. 28; *Staude* v. *Schumacher*, 187 id. 187.) We will further state that we will not pass on the question as to whether or· not the memoranda or copies of the minutes found in the record are sufficient to sustain the order and judgment of the court when the existence and correctness of such memoranda or notes are based upon the mere statements of the plaintiff in error or appellant in his brief and argument.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*