(No. 15147.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NAT M. MARSHALL *et al.* Plaintiffs in Error.

*Opinion filed June 20, 1923—Rehearing denied October 3, 1923.*

1. CRIMINAL LAW—*abstract must be sufficient to present every error relied upon.* The abstract filed with the record in the Supreme Court must be sufficient to present every error and exception relied upon, and the judgment will not be reversed for an alleged error of the trial court in denying a motion for a continuance where the abstract does not present anything as to the affidavits upon which counsel based their motion.

2. SAME—*when Supreme Court will not consider sufficiency of evidence to support verdict.* Where the abstract does not show that a motion was made for a new trial the Supreme Court will not consider the sufficiency of the evidence to support the verdict.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding.

HOGAN & GORMAN, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

So far as we can gather from the briefs and abstract in this case, plaintiffs in error, Nat M. and McKee H. Marshall, were indicted, tried and convicted in the criminal court of Cook county on the charge of embezzlement and sentenced on the verdict. This writ of error has been sued out to review the record in the cause.

It is insisted by counsel for plaintiffs in error that several grievous errors were committed by the trial court in the trial of the cause; that affidavits were filed in that court asking for a continuance of the case before the jury was selected and that a sufficient showing was made to justify such continuance, but it was refused; that there was no sufficient proof of venue as to the place of the commission of the alleged crime; that the evidence does not justify the verdict of guilty. It is argued by counsel for the State that there is no sufficient abstract filed by plaintiffs in error in this case that would show any of the errors complained of by them.

It has long been the rule of this court, sustained by frequent decisions, that the abstract filed with the record must be sufficient to present every error and exception relied upon. (*Gibler* v. *City of Mattoon,* 167 Ill. 18; *People* v. *Armour,* 307 id. 234, and cases cited; see, also, *People* v. *Yuskauskas,* 268 id. 328.) The abstract filed in this case does not present anything as to the affidavits which counsel for plaintiffs in error claim should have caused the court to grant their motion for a continuance. The rules of court are made for the purpose of expediting the disposition of cases. If the rules of this court are not observed by the

court itself, it can hardly be expected that the lawyers, when practicing here, will follow the rules.

Counsel for plaintiffs in error concede that the abstract is faulty in not showing some, at least, of the matters upon which they rely in their briefs in urging error, but they insist that this court, as shown by certain of its decisions, has sometimes waived the fact of the abstract being incomplete and relied on the record itself, and therefore in this case they ask us to do so in order to show that the record contains matters which justify some of the errors upon which they rely. They cite the case of *People* v. *Yuskauskas, supra,* to show that the record in that case was examined by the court; but it is clear from a reading of that opinion that the court insisted that the abstract should comply with the rules, and that the court was of the opinion that the judgment of the trial court should be sustained, after an examination of the record itself, notwithstanding the faulty abstract. The abstract here presented does not show any matters that would justify a reversal of this case based on the affidavits that plaintiffs in error claim were filed asking for a continuance in the trial court, therefore, under the rules of this court as construed by the repeated decisions of the court, we will not search the record for reasons to reverse the judgment.

Counsel for plaintiffs in error also argue that the evidence does not justify the conviction. There is no motion for a new trial shown in the abstract, and therefore this court cannot consider the sufficiency of the evidence to support the verdict. *Yarber* v. *Chicago and Alton Railway Co.* 235 Ill. 589; *Herder* v. *People,* 209 id. 50.

The briefs of plaintiffs in error concede that the evidence on the trial of the case was not taken down in shorthand and that the bill of exceptions does not show all the evidence. The pressure of work in this court, from the numerous cases that are presented here, is such that the court does not have the time, even if the rules permitted, to search the

record to ascertain whether or not any error has been committed in the trial of the case. An examination of the abstract shows that none of the errors complained of by plaintiffs in error are so preserved therein that plaintiffs in error can rely on any such alleged errors.

We find no reversible error, and the judgment of the trial court must be affirmed.        *Judgment affirmed.*

---

(No. 14867.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES RUDECKI *et al.* Plaintiffs in Error.

*Opinion filed June 20, 1923—Rehearing denied October 3, 1923.*