(No. 16290.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARL SUNESSON, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*prejudicial remarks complained of must be shown in abstract.* Prejudicial questions and remarks of the trial court assigned as error must be shown in the abstract, as the Supreme Court will not explore the record to find errors to sustain assignments of error.

2. SAME—*the trial court may suggest that counsel object to improper evidence.* Where a witness for the defense interposes a long recital of incompetent evidence it is not error for the court to ask the State's attorney if he is going to let such evidence go in, as the State's attorney should, in the interest of orderly trial, have interposed an objection.

3. SAME—*when asking witness an ultimate fact in case is not prejudicial.* While an expert witness is not allowed to give an opinion as to the ultimate fact in a prosecution for rape, the fact that counsel asked such witness a question as to the ultimate fact in issue does not amount to prejudicial error where the witness does not give an answer involving such fact and no improper evidence results from the question.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

JACOB SCHUG, and A. S. LANGILLE, (JOHN L. WARD, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and VIRGIL L. BLANDING, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted of the crime of forcible rape on Theresa Snoy. He brings the cause here for review.

The errors complained of here are prejudicial remarks by the court, admission of incompetent evidence, and that the verdict of guilty is contrary to the evidence.

One of the remarks of the court claimed to be prejudicial, counsel in their briefs say, was made during the examination of the complaining witness; that counsel was endeavoring to have the witness fix a certain time, and the witness having answered that the time inquired about was on Sunday, the court asked, "After this man—after this happened; is that it?" that again the court said to the witness, "Tuesday you fell down and had this trouble with this man?" and the answer was, "Yes;" that again the court asked, "When did this thing happen,—that you had trouble with the man?" These remarks are claimed to be prejudicial. The abstract does not show the questions and remarks of the court complained of. This court has repeatedly held that it will not explore the record to find errors to sustain assignments of error. *People* v. *Marshall*, 309 Ill. 122; *People* v. *Armour*, 307 id. 234.

Counsel for plaintiff in error also contend that the court committed prejudicial error by its remarks during the examination of Mathilde Palmquist, a witness for the defendant. During her direct examination the court stated to the State's attorney: "Is counsel going to let everything go in? I am here to rule on objections if they are made." To this the State's attorney replied: "All right, your honor; I thought that I would let them have it all."

The abstract shows no objection was made to this statement and therefore such question cannot be raised now. Moreover, the court was justified in asking such a question for the reason that the witness was indulging in a long recital of incompetent evidence, and the State's attorney should, in the interest of orderly trial, have interposed an objection, though he doubtless thought the speech of the witness was not tending to injure the State's cause.

Much space is devoted in the briefs to the necessity for the exercise of the greatest care on the part of the trial court in its remarks in the presence of the jury lest it give an impression that the court favors one side or the other. Numerous cases are there cited. This is an important duty of the trial court, but we see no evidence here of a violation of that duty.

It is next objected that the court erred in admitting incompetent testimony on the part of Dr. Kathleen R. Harrington. The question was asked this witness: "From your examination have you any opinion as to whether or not her private parts had been penetrated by the private parts of a man?" and she answered, "Well, from my examination I would say that her private parts had been penetrated by some blunt object, and my own personal opinion is——." Objection was urged to further statement on the part of the witness and no further statement was made. This question was improper, as it called for an opinion on the part of the witness as to the ultimate fact in the case, but the witness did not so answer the question. On the contrary, her answer was entirely competent and proper. We are of the opinion that plaintiff in error was not prejudiced by the testimony of Dr. Harrington. While an expert witness is not allowed to give an opinion as to the ultimate fact in the case no such opinion was rendered here, and the impropriety of counsel's question does not amount to the admission of improper evidence. Had the question been answered as asked a different question might appear here.

Plaintiff in error also contends that the verdict is contrary to the evidence. The complaining witness testified that on the afternoon of December 27, 1923, she was employed in the capacity of maid in the basement of the home of Mr. and Mrs. Paschen, on Sheridan road, in the city of Chicago; that she was engaged in ironing clothing; that there was a stairway leading from the basement into the kitchen; that about five o'clock plaintiff in error, Sunesson, who was employed as a janitor at the residence, came into the basement to replenish the fire; that after a remark or two he came up behind her and threw his arms around her; that she made an outcry and he told her to shut up; that she tried to go up-stairs and in so doing seized one of the rungs in the stairway railing; that he pulled her down and in so doing pulled this rung out of the railing and she fell to the floor; that he fell on top of her; that she screamed and he put his hand over her mouth and told her to shut up, and that he thereafter ravished her; that she tried to get away from him but could not, and that finally she fainted.

Dr. Kathleen Harrington testified that she had examined the complaining witness on January 4; that she found her private parts torn and still oozing blood.

Dr. Helga Ruud, a practicing physician, testified that she examined the complaining witness on December 27, 1923; that she found a badly lacerated condition of the private parts, out of which blood was oozing; that there was evidence of scratches there; that the complaining witness was in a highly nervous and excited condition, her pulse being about 100; that this was about four hours after the alleged attack; that her undergarments were bloody; that she was also bruised on her arms, shoulders and chest.

Jacob Paschen testified that he saw the complaining witness on the evening of December 27; that she had on a torn dress and was scratched over the shoulders and appeared very much upset, as though something had happened; that

she informed him that she had been attacked by a big brute; that after hearing her story the witness got his nephew and went to find the house where the defendant lived and from there he went to a near by corner, secured a police officer and went back to the defendant's house and asked him if he had attacked the complaining witness; that he replied that he had; that they took him in an automobile to the home of the complaining witness, and that the defendant then. and there admitted that he attacked her. Paschen's testimony is corroborated in full by William G. Triphahn, the police officer who made the arrest, who also states that plaintiff in error admitted that he had intercourse with the complaining witness. It also appears from the State's evidence that shortly after the alleged crime the complaining witness told Mrs. Paschen and her friends, also a Mrs. Shauer, and a Mr. Whitehead, a friend of her brother, of the attack.

Plaintiff in error took the stand and denied that he used force or that he had intercourse with her but stated that she consented to intercourse but that they were interrupted. He also denied the testimony of the officer and of Paschen that he had admitted having attacked the complaining witness, or that he was with the officer on that night at the house of the complaining witness.

Some testimony is offered concerning an attempted settlement of the matter, and a witness was offered by the defense who testified that complaining witness had, in effect, admitted that the act was done with her consent. In rebuttal the complaining witness took the stand and emphatically denied any such conversation.

We are of the opinion that the evidence abundantly justifies the verdict of the jury in this case and that there is no reversible error in the record. The judgment will therefore be affirmed.          *Judgment affirmed.*