(No. 20733. )

ROBERT LEE MORRIS *et al.* Defendants in Error, *vs.* B. WILLIAM KREJCI *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1932.*

J. V. DELANEY, for plaintiffs in error.

JAMES HIBBEN, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

B. William Krejci and Anna D. Krejci, defendants to a bill in chancery filed against them by Robert Lee Morris and Jennie B. Morris, have sued out a writ of error to review the decree rendered against them by the superior court of Cook county.

The abstract filed by the plaintiffs in error is a perfect example of what an abstract should not be. The first two pages are as follows:

"Bill alleges that by duress, fraud and threats and misrepresentations, plaintiff in error, Anna D. Krejci secured fraudulently, third mortgage on trust deed property. That B. William Krejci contracted to construct buildings but did not do so and asks for an accounting, specific performance and return of the contract, praying that Elston State Bank, a party defendant, likewise be decreed to return Torrens certificate to defendants in error.

"Demurrer of plaintiff in error overruled.

"Answer filed April 13, 1927, denied B. William Krejci entered the contract; denies fraud or coercion and alleges valuable consideration for the entering of same; that defendants in error agreed in contract to pay monthly payments, pay interest on mortgage, but failed to do so. That plaintiffs paid off liens on said property. Denies failure to perform and alleges work done in a workmanlike manner.

"April 6, 1927, demurrer of plaintiff in error to amended bill overruled. Two weeks given plaintiffs in error to answer.

"Demurrer of Elston State Bank sustained. Two weeks given defendants in error to file amended bill without notice to plaintiffs in error.

"April 14, 1927, amendments to the amended bill filed, changing nature of action and allegation.

"Cross-bill asking for foreclosure filed by plaintiffs in error January 1, 1927.

"Demurrer to the amendments to amended bill filed by the Elston State Bank, defendant, and sustained February 28, 1927.

"Decree.

"Demurrer to amendments to amended bill sustained without notice to plaintiffs in error February 27, 1927.

"Answers of defendants.

"May 3, 1927, demurrer to amendments to amended bill of complaint sustained. Ten days to file amendments to amendments to amended bill by defendants in error with no notice to plaintiffs in error.

"Petition to set aside decree.

"Amendments to the amendments to the amended bill filed June 7, 1927.

"Cross-bill.

"Referred to master, February 14, 1928.

"Stipulation to use original deed in evidence."

This is all the information the abstract furnishes as to the pleadings, the proceedings or the decree in the case. The property involved is not described, the acts, words or circumstances of duress, fraud, threats and misrepresentation are not alleged, neither the mortgage nor the construction contract are abstracted, and it does not appear who were the parties, what was the consideration, or what the obligation incurred in respect to either, or who were the parties to the bill either complainant or defendant. Thirty-three pages of oral testimony follow, in which reference is made to a number of exhibits, which are referred to by number or letter but not one of which is abstracted or referred to in the index.

If the contract or mortgage or any other document or writing was introduced in evidence the fact does not appear from the abstract, the character of the building and the specifications for its construction are not shown, and under these circumstances it is impossible to apply the oral testimony, which is partially abstracted, to the facts of the case or even to ascertain the particulars of the complaints of insufficient construction. A witness, presumably for the

complainants, though the abstract does not show, testified that he was a building contractor and examined the blueprints. He examined the building in 1928. The work was not done according to specifications. The house is not built according to the original plans. He did see the building two years ago. A building built ten years ago would not be in the same condition as one built five years ago or one year ago. Buildings sometimes settle, no matter how well built. He did not see the building at the time it was built. The testimony of Gerald Knight, another witness, is abstracted as follows:

"I am a general contractor. I recently made examination of the building in question.

"(Statement, plaintiff's exhibit A, May 10, 1928, received in evidence. Objection on the part of the defendant.)

"The building as it now stands was not in accordance with these plans.

"Objection on behalf of the defendant.

"My judgment of the building in the market 1925-1926 would range from $9700 to $10,970 to build same.

"Objection, asking that it be stricken out.

"Cross-examination.

"In 1925 the building, according to plans would have cost $10,970 and it would take $3300 to put it in condition as required by that contract."

This is all unintelligible without any knowledge of the issues, the contents of exhibits or the substantial facts in controversy between the parties, and the rest of the abstract is no more enlightening.

Rule 14 of the rules of this court requires an appellant or plaintiff in error to furnish a complete abstract of the record sufficient to present fully every error relied upon, and this means that the abstract shall be so complete as to be sufficient for the determination of the case without an examination of the written record. The abstract must be

sufficient to show the existence of the errors alleged in the assignment of errors. If it does not do so the court will not search the record to ascertain the issues or discover errors not shown by the abstract. *Village of Barrington* v. *Lageschulte,* 323 Ill. 343; *People* v. *Raboin,* 316 id. 75; *Village of DesPlaines* v. *Winkelman,* 270 id. 149; *Gibler* v. *City of Mattoon,* 167 id. 18.

The plaintiffs in error have not maintained their assignments of error, and the decree of the superior court is affirmed.

*Decree affirmed.*