(No. 24387.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERICH FRANKOWSKY, Plaintiff in Error.

*Opinion filed February 16, 1938.*

KENNEDY & FISCHER, MALCOLM McKERCHAR, and GERALD T. WILEY, (THEODORE L. THAU, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

Erich Frankowsky, a licensed osteopath, was found to be guilty by a jury in the county court of Cook county of practicing medicine by the use of drugs or medicines or operative surgery without a license, in violation of section 26 of the Medical Practice act of 1923. He was sentenced to serve sixty days in the Cook county jail. He has sued out this writ of error and contends that the Medical Practice act is unconstitutional because its classification of practitioners is false, arbitrary, discriminatory and unscientific. He says that osteopathy includes the use of operative sur-

gery, antiseptics and anaesthetics, but that, under the act, there is no way for him to be licensed to practice osteopathy according to its tenets, including surgery, unless he also studies medicine, the use of which he does not believe in.

The validity of the Medical Practice act of 1923 has been repeatedly affirmed by this court. (*People* v. *Witte*, 315 Ill. 282; *People* v. *Walder*, 317 id. 524; *People* v. *Hawkinson*, 324 id. 285; *People* v. *McGinley*, 329 id. 173; *People* v. *Walsh*, 346 id. 52.) We transferred the case of *People* v. *Jiras*, 340 Ill. 208, which was also a prosecution under this act, to the Appellate Court, for the reason that no debatable constitutional question was presented. We will take jurisdiction where a statute is attacked on grounds not previously urged, but this does not mean that if counsel suggests a new argument in support of an old ground of attack we must entertain the case. *People* v. *Ladwig*, 365 Ill. 574, 576.

In *People* v. *Witte, supra,* we held valid and reasonable the division by the General Assembly into two classes of all practitioners who seek to cure human maladies. The first of these is the class which has the right to practice medicine in all of its branches, including operative surgery. The second is the class which seeks to treat human ailments without the use of medicines or operative surgery. This classification was based upon a difference in attainments, and not upon any named method or school of healing. The General Assembly was not bound to enact a statute which provided for the licensing of applicants from the various schools of healing, by creating a separate class for each school with distinct qualifications. The limitations are voluntary, and if an applicant who believes in curing human ailments without the use of drugs or surgery desires to use either, he may qualify himself by meeting the requirements of the statute with reference to that class of applicants for a license to practice medicine in all of its branches. Plaintiff in error's contention that he does not fit into either

classification was, therefore, answered in the *Witte case, supra.* His contention that he is discriminated against, because, to practice surgery, he must have instruction in the use of drugs and medicines when he does not believe in their use, was likewise met in the *Witte case.* At page 288 we said: "The practice of surgery requires the use of antiseptics, anaesthetics and other drugs and medicines. Hence the legislature required instruction in drugs and medicines as a necessary qualification to enable a physician to perform a surgical operation. In its judgment no person ought to be permitted to practice surgery without showing a knowledge of drugs and medicines."

Plaintiff in error states no new ground of attack upon the statute, and the cause is, therefore, transferred to the Appellate Court for the First District.

*Cause transferred.*