(No. 24513.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER SPENCER, Plaintiff in Error.

*Opinion filed June 15, 1938.*

RAY E. LANE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Elmer Spencer, hereinafter designated defendant, was convicted in the county court of Cook county of violating section 24 of the Medical Practice act. (Ill. Rev. Stat. 1937, chap. 91, par. 16i.) The information contains five counts and embraces acts set out in the statute. The first count charges the defendant with diagnosing or attempting to diagnose an ailment or supposed ailment of one Charlotte Hermes, also known as Mrs. B. J. Schmidt, without first procuring a license to practice medicine. The second count charges that the defendant unlawfully operated upon and professed to heal, prescribe for or otherwise treat the supposed ailment of Charlotte Hermes by manipulating her

head, neck and back with his hands and by applying electric current from a device. The third count charges the prescription of form of treatment for the supposed ailment of the said Charlotte Hermes for a fee and the acceptance of a fee therefor. The fourth count charges the defendant with unlawfully attaching the title of doctor, physician, surgeon or like term or abbreviation to his name to indicate that he was engaged in the treatment of human ailments; that he permitted his name to be printed on the door at the entrance to a stairway leading to his office, as follows, to-wit: "Spencer & Spencer, Chiropractors," and caused and permitted himself to be known and introduced as "Dr. Spencer;" that he permitted his name to be published in the telephone directory as "Spencer, Elmer L.—D.C." indicative that he was engaged in the treatment of human ailments as a business. The fifth count charges the unlawful maintenance of an office for treatment and examination of afflicted persons, and equipment of that office with certain electrical apparatus. All of these counts charge that the defendant was without a license to engage in such business.

The defendant has appealed directly to this court on the ground that a constitutional question is involved. His counsel argue that section 117 of the County Court act, (Ill. Rev. Stat. 1937, chap. 37, par. 289,) under which the county court assumed jurisdiction in this case, is invalid on the ground that that section permits the verification of an information upon information and belief, thus violating section 6 of the Bill of Rights of the constitution of the State of Illinois. The record shows, however, that the information in this case was verified as true and not upon information and belief. It has long been the rule in this State that one may not complain of the constitutional invalidity of an act where he has not been in any way affected or aggrieved by its operation. (*People* v. *Diekmann,* 285 Ill. 97; *People* v. *Huff,* 249 id. 164.) The question of the constitutionality of this act, therefore, is not before this court.

Counsel also says that plaintiff in error has been denied due process of law. This court has repeatedly held that in the absence of specification, pointing out wherein the acts of the court constitute denial of due process, jurisdiction on direct review is not conferred, as presenting a constitutional question. It is not clear from the briefs of plaintiff in error wherein due process of law is lacking. Apparently it is the ground that the act permits verification of the charge on information and belief. This objection, as we have seen, is not open to plaintiff in error, since the information here is verified by affidavit that the facts therein stated are true.

All other questions go to the merits of the cause. There is nothing in this record which gives this court jurisdiction. The cause is, therefore, transferred to the Appellate Court for the First District.

*Cause transferred.*