(No. 24929.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERICH FRANKOWSKY, Plaintiff in Error.

*Opinion filed April 14, 1939—Rehearing denied June 19, 1939.*

RICHARD W. PROCTOR, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Erich Frankowsky was found guilty by a jury in the county court of Cook county of violating section 26 of the Medical Practice act and was sentenced to a term of sixty days in the county jail. A direct appeal was taken to this court in October, 1937, in which the constitutionality of the act was challenged. Because the act had been previously upheld against the same contentions we transferred the cause to the Appellate Court for the First District for decision on the other errors assigned. (*People* v. *Frankowsky,* 368 Ill. 171.) The Appellate Court affirmed the judgment and the case now comes to us on writ of error pursuant to section 11 of article 6 of the State constitution.

The facts are not in dispute. Defendant is an osteopath who has practiced in the city of Chicago since 1917. He holds a license from the State permitting him to treat human ailments without the use of drugs or medicine, and without operative surgery. The information charged that on March 4, 1937, he treated fissures of the rectum of Philip Smith (a) by injecting novocaine or cocaine hypodermically adjacent to the rectum and (b) by cutting or clipping certain tissues adjacent to the same region with a metal surgical instrument, and (c) by prescribing the use of medicine, to-wit: proctologic dionol. The evidence shows that of the acts specifically charged in the information the only one which defendant actually committed on March 4 was that of clipping the tissues of the rectum. There can be no doubt that this act was a surgical operation; in fact, on the prior appeal to this court and in the Appellate Court, defendant apparently so conceded. (*People* v. *Frankowsky,* 296 Ill. App. 637.) Under the Medical Practice act all per-

sons performing such operations must be licensed. (Ill. Rev. Stat. 1937, chap. 91, pars. 2 and 16j.) So far as the record shows Frankowsky's license entitled him only to treat human ailments without operative surgery. He was, therefore, guilty of violating the Medical Practice act on March 4, although he did not on that day commit all the acts with which he is charged in the information. No objections were made to the admission of evidence of violations committed by defendant on other dates, either at the trial or on appeal to the Appellate Court. When neither the trial court nor the Appellate Court has been given opportunity to hear objections to evidence and rule thereon, such objections cannot ordinarily be reviewed on appeal to the Supreme Court. (*Williams* v. *Consumers Co.* 352 Ill. 51; *People* v. *McDonald,* 365 id. 233; 4 C. J. S. p. 430; 5 C. J. S. p. 1242.) We see no special circumstances in this case warranting a relaxation of that rule. See *People* v. *Davies,* 354 Ill. 168.

The People proved Frankowsky made use of operative surgery, but offered no proof that his license limited him to practice without operative surgery. The defense insists that because the People failed to make such proof, a *prima facie* case of violation of section 26 (Ill. Rev. Stat. 1937, chap. 91, par. 16k) was not made out and its motion for a directed verdict at the close of the People's evidence should have been granted. It was not necessary for the People to offer proof of the specific character of the license held by Frankowsky. The information averred in effect that he lacked a proper license to perform a surgical operation. Where the question of due license to practice a certain profession arises in a penal action for violation of a statute, the burden of proving a proper license rests upon the defendant. *Kettles* v. *People,* 221 Ill. 221; *Abhau* v. *Grassie,* 262 id. 636.

The record in this case shows Frankowsky entered an oral plea of not guilty to the information. After the jury returned its verdict defendant's counsel moved to expunge

the record of this oral plea. He offered to prove defendant had not been arraigned and had not entered a plea either of guilty or not guilty. In support of the motion affidavits made by defendant, his counsel and his associate counsel were presented, stating that none of them had entered a plea in the cause. Opposed to this was the unsworn statement of the clerk that he would testify he heard some one enter a plea of not guilty although he did not recall who it was. The trial judge stated for the record that before proceeding to trial he clearly remembered inquiring of the clerk whether there was a plea of not guilty on file and the clerk assured him there was. The recollection of both the clerk and the trial judge thus corroborates the record. After considering the affidavits and the proffered testimony, the trial judge refused the offer and denied the motion to correct the record. We believe this was a proper disposition of the motion. In *Quigg* v. *People*, 211 Ill. 17, precisely the same question was passed upon, and of such affidavits it was said: "Neither of the affidavits refers to any minute, memoranda or notation made by the judge or clerk, and we have repeatedly held that unless there was some minute made by the court or clerk to sustain an amendment of a record it could not be amended. The record shows the accused was duly arraigned and pleaded, and it imports a verity, and the proposed amendment was an effort to contradict the record by affidavits." *Gillespie* v. *People*, 176 Ill. 238; *People* v. *Fulimon*, 308 id. 235; *People* v. *Archambault*, 295 id. 266.

There is no merit in the contention that the county court was without jurisdiction to try defendant because the information was not properly endorsed by the county judge of Cook county. The information was endorsed "E. K. Jarecki, Judge of the County Court of Cook County." The county judge was elected and commissioned as "Edmund K. Jarecki." Section 9 of division 11 of the Illinois Criminal Code (Ill. Rev. Stat. 1937, chap. 38, par. 719) provides that all exceptions to the form of an information shall be

made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in the information. No exception to the endorsement was taken before trial, and the objection, not having been raised either in the trial court or Appellate Court, now comes too late. *People* v. *Glassberg,* 326 Ill. 379; *People* v. *Munday,* 293 id. 191; 31 Corpus Juris, p. 873.

The judgment is affirmed.

*Judgment affirmed.*