(No. 25459.— ▇▇▇▇▇▇)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK C. PADEREWSKI, Plaintiff in Error.

*Opinion filed February 21, 1940.*

198

GEORGE G. RINIER, and RAY E. LANE, (VAIL A. VAN NATTA, of counsel,) for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Frank C. Paderewski, was tried in the county court of Cook county on an information of five counts charging him with a violation of the Medical Practice act, and found guilty by a jury. Motions for a new trial and in arrest of judgment were overruled and Paderewski sentenced to pay a fine of $100 and committed to the county jail for thirty days. Judgment of conviction was affirmed in the Appellate. Court for the First District and a writ of error prosecuted to this court.

The defendant made a motion to quash the information and each count thereof on the ground they did not charge an offense. He also made a motion for a directed verdict because, he claims, the only evidence offered was procured by entrapment. He also assigns as error that the trial court refused to grant a motion for a new trial or in arrest of judgment, and that the State's attorney, in his argument, improperly referred to the defendant's failure to testify.

Plaintiff in error held himself out as a chiropractor and administered certain treatments to Charlotte Hermes, an investigator for the State Department of Registration and

Education, for which he received payment. The defendant did not testify or offer a license showing he was authorized to give the treatments.

The information is almost identical in form with those in *People* v. *Shaver*, 367 Ill. 339, and *People* v. *Spencer*, 369 id. 57, both of which were held to be sufficient. The same objections were made in those cases and the same authorities used to sustain the claim that no crime was properly charged, and such contentions were denied. It is not necessary to restate what we said in those cases. It is sufficient to say they apply to the present case and there was no error committed in holding the information good.

The point raised that proof of the offense was made by entrapping the defendant is without foundation, as the evidence shows no more than artifice and stratagem were used to catch one engaged in a criminal enterprise. This is not entrapment. *People* v. *Guagliata*, 362 Ill. 427.

The remarks of the State's attorney complained of did not refer to or comment upon the failure of the defendant to testify, but were to the effect that if the defendant had a license of any kind to practice medicine he should produce it. The burden of proving a license is on the defendant in such cases. *(People* v. *Frankowski*, 371 Ill. 493.) There was no error in the State's attorney telling the jury, in substance, that the People did not have to establish that the defendant had no license to practice medicine.

The similarity of the issues in this case to those in *People* v. *Shaver* and *People* v. *Spencer*, *supra*, render an extended discussion unnecessary, as the argument, here, is but a reargument made in those cases. The information, evidence and the questions here presented are ably and fully discussed in the opinion of the Appellate Court, with which we fully agree.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*