(Nos. 25544, 25545.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NATHAN FRIEDMAN, Plaintiff in Error.—THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OSCAR H. FRIEDMAN, Plaintiff in Error.

*Opinion filed June 14, 1940—Rehearing denied October 2, 1940.*

FOLSOM, GROSSBERG, BUTLER & BRILL, for plaintiffs in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error Nathan Friedman and Oscar H. Friedman, found guilty in the county court of Cook county on separate informations, of violation of section 24 of the Medical Practice act, (Ill. Rev. Stat. 1939, chap. 91, par. 16i,) sued out writs of error from the Appellate Court, where their cases were consolidated, and, on affirmance by the Appellate Court of the judgments against them, they bring the consolidated causes here on writ of error.

The informations filed in this cause were verified, one charging that Nathan Friedman violated the Medical Practice act in that he, on October 20, 1938, did "unlawfully operate upon, profess to heal, prescribe for or otherwise treat an ailment or supposed ailment of another, to-wit: (a) Did treat blisters on the arm of Louise Setzke by drawing out liquid from below the surface of the skin with a hypodermic syringe, and (b) by washing said blisters with an antiseptic solution and by applying a salve to the same." The information charges that he, on that date, also recommended and prescribed a form of treatment for the blisters on the arm of Louise Setzke, with intention of receiving a fee therefor, all of which is charged to be in violation of section 24 of the act commonly known as the Medical Practice act.

The information against Oscar H. Friedman charges that on October 18, 1938, he unlawfully operated upon and professed to heal, prescribe for or otherwise treat an ailment or supposed ailment, to-wit: "(a) Did treat the alleged

bursa of Louise Setzke by applying heat to her right shoulder, arm and wrist, by wrapping an electrically heated rubber hose around her right shoulder, arm and wrist, and (b) did treat the right shoulder, arm and wrist of Louise Setzke by applying heat from an electrically heated glass tube and (c) did dress and treat blisters on the arm of Louise Setzke by puncturing said blisters with a surgical knife and by applying a salve externally." The information also charges that this treatment of her was for the purpose of receiving a fee, all of which is alleged to be in violation of section 24 of the Medical Practice act.

Appellants argue, here, that the record did not show that they were practicing medicine contrary to the provisions of the Medical Practice act; that the finding of the court is against the overwhelming weight of the evidence and that the court erred in ruling incompetent certain evidence.

The complaining witness, Louise Setzke, testified that on October 18 and 20, 1938, she went to the shoe store of the defendants; that she had previously gone there for treatment for her feet, as the defendants were licensed chiropodists; that on the dates mentioned she, with one Mrs. Elsie Schimick, went to the store of the defendants and into a booth where Dr. Oscar H. Friedman treated those desiring attention to their feet, and that defendant took a cable or hose of a machine, wrapped the hose or cable around her right shoulder, arm and wrist and then started the machine which produced heat; that he left the room and after a while she complained of burning and asked Mrs. Schimick to call the doctor. In response thereto he came in, looked at the arm and said it was nothing, since the machine could not burn her. He made a further application of the heat from the machine for about fifteen minutes. After the cable or hose was taken from her shoulder she removed her jacket and found four or five raised abrasions or blisters on her arm, occasioned by the burning of the machine; that the

defendant took a knife, opened two of the blisters and put a green salve on them and bandaged them and told her to leave the bandage on for a few hours and then remove it and it would be all right. She testified that she paid him, on that day, $5, which represented his fee for that treatment and a later one which she was to receive. She procured the receipt for $5, which was introduced in evidence. She also testified that the next day she went to the office of her physician because of pain caused by the blisters, and that, after looking at the burns, he told her to go back to Dr. Friedman, and on October 20 she did so, accompanied by Mrs. Schimick, and that in the booth defendant Nathan Friedman drew liquid from the blisters of Louise Setzke's right arm with a hypodermic syringe and washed the burns and put green salve and gauze around her arm. She testified that on October 22 she returned and talked to Oscar H. Friedman, who then wanted to give her another treatment, but she would not consent; that she demanded a refund on her payment, and that $2 of the $5 was returned to her and they gave her a receipt for $3, which receipt was introduced in evidence. She testified that she was under her doctor's care for some time after October 24. On cross-examination she stated that she was plaintiff in a civil suit against the defendants and that the doctors did not treat her with medicine or diagnose her ailment. The witness Elsie Schimick corroborated the witness Setzke.

The defendant Nathan T. Friedman testified that he had been a chiropodist since 1931; that he had known the People's witness, Mrs. Setzke, for several years and had treated her on various occasions. He testified that in the practice of chiropody he treated the feet, removing corns and like growths, and administered diathermy treatments. He denied that he had treated any other portion of the body than the feet; denied that he had removed blisters or opened them. He stated, however, that Mrs. Setzke asked for a

refund of the $5 and that he directed Dr. Oscar H. Friedman to give a receipt for $3 and to refund $2. He denied seeing Mrs. Schimick.

Defendant Oscar Friedman's testimony was substantially the same. He testified that he had treated the feet of Mrs. Setzke but never any other portion of her body at any time, or ever diagnosed any ailment for her or prescribed any medicine for her.

A defense witness was Mrs. Bessie Wolver, who testified that she was present on October 18 when Mrs. Setzke was there; that she did not see Mrs. Schimick and that Mrs. Setzke was alone with Dr. Friedman when she received treatment. She stated she never had heard of the Doctors Friedman giving treatments to people other than to their feet.

James Bardwell testified he was a salesman in the shoe department and on October 18 was in the booth where Mrs. Setzke was being treated, and saw Mrs. Setzke on the patient's chair with appliances on her feet, and that there were only two people there, Dr. Oscar Friedman and Mrs. Setzke. In rebuttal, the witness Louise Setzke testified she did not know Bessie Wolver, had never seen her in the store of the defendants and that the witness Bardwell did not enter the booth on October 18 while she was being treated by Dr. Friedman.

The defendants sought to introduce in evidence a deposition of Louise Setzke taken in her civil suit against these defendants, then pending in the superior court. The court ruled the deposition was incompetent and this ruling affords one of the contentions of plaintiffs in error.

Plaintiffs in error contend that section 24, which they are charged with violating, is a section of the Medical Practice act to prevent practicing medicine, and that where, even though Mrs. Setzke was telling the truth, there was but one instance, the defendant could not be found guilty of practicing medicine, and so there was no evidence to

sustain the charge in the informations. Their counsel argue that section 24 prohibits certain acts without having a license "to practice the treatment of human ailments in any manner," and this being the language of the statute, a license to practice any branch of medicine such as chiropody prevents guilt under section 24 and the informations should not have been filed under that section. In their argument they point out certain distinctions in sections 24, 25, 26, and 27 of the act. Without going into detail as to those sections, it is sufficient to say that they prescribe punishment for practicing medicine where the accused does not have a license permitting him to engage in such practice. The information charges that defendants treated human ailments without possessing a license to do so. The informations set out the acts complained of and charge that those acts, without a license to do them, were in violation of section 24 of the Medical Practice act.

So far as material to this inquiry, section 24 penalizes any person who holds himself out to the public as engaged in the diagnosis or treatment of human ailments; or suggests or prescribes any form of treatment for the cure or relief of any physical or mental ailment of any person with intention of receiving a fee or compensation therefor; or who shall diagnosticate, operate upon, profess to heal, or treat human ailments or maintain an office for such purpose if he does not "then possess, in full force and virtue, a valid license issued by the authority of the State to practice the treatment of human ailments in any manner," etc.

Counsel for plaintiffs in error say that the obvious meaning of this language is that since they had a license to practice chiropody, they were not persons who did not possess a license to treat human ailments "in any manner." It seems quite clear that counsel have misconstrued the words "in any manner." It is evident from reading the various sections of the Medical Practice act which provide for punishment for doing certain things forbidden by the

act, together with the fact that the act authorizes and directs the issuance of license to practice certain branches of treatment, that the language "the treatment of human ailments in any manner" obviously requires a valid license to practice the treatment of human ailments in the manner in which such treatment was practiced. To hold otherwise would result in the then necessary construction that one who had a license to practice chiropody could not be punished for practicing surgery, or the most intricate branches of medical treatment. In *People* v. *Frankowsky,* 371 Ill. 493, it was held unnecessary that the People offer proof of the specific character of license held by the accused, since he did not hold a proper license to perform a surgical operation. We are of the opinion that the contention that there was no proof of guilt of the crime charged for the reasons just indicated, cannot be sustained.

Plaintiffs in error next contend that they were not proved guilty of engaging in the practice of medicine for the reason that a mere isolated instance of treatment does not prove that medicine was being practiced. Section 24 of the Medical Practice act provides a penalty for violation of any of its terms. These various terms are in the disjunctive and the general rule is that where a statute makes it impossible to do particular things specified, or another thing, or another, the offense is committed by one who does any of them, or two or more, or all of them. (Bishop on Statutory Crimes, sec. 224.) This is but the obvious answer to plaintiffs in error's contention.

Again it is argued that the court erred in refusing to admit in evidence a deposition of the People's witness Louise Setzke, given as plaintiff in a civil suit against plaintiffs in error. This deposition was offered, as they say, to prove an admission against interest and conflicting statements. It has been held in this State that a deposition is not legally admissible as evidence in a criminal case. (*People* v. *Turner,* 265 Ill. 594.) Had counsel seen fit to

question the witness concerning such statements, and after laying this and whatever other ground work was necessary, offered to show that she had made different statements elsewhere, a different question would have been presented. This was not done.

Counsel argue earnestly that the evidence of defendants did not prove plaintiffs in error guilty beyond a reasonable doubt. We have referred to sufficient of the evidence to show that the questions of fact were controverted. The hearing was had before the court which saw and heard the witnesses and was able to judge their demeanor. Numbers are not always essential to establish the legal quantum of proof. The rule is that where the jury or court is warranted in believing the testimony of the People's witnesses, the fact that the defendants and their witnesses contradict that testimony, does not, of itself, constitute ground for a reversal on review. *People* v. *Surace,* 295 Ill. 604; *People* v. *Zurek,* 277 id. 621.

We find the record in this case substantially without error and the court was justified in its finding of guilty. The judgment of the Appellate Court in these consolidated cases is, therefore, affirmed.

*Judgment affirmed.*