(No. 26736.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HUGO MATTEI, Plaintiff in Error.

*Opinion filed September 21, 1942—Petition for rehearing stricken November 12, 1942.*

PENCE B. ORR, (JAMES J. BARBOUR, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and JAMES E. BURKE, State's Attorney, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

A jury in the county court of Will county found plaintiff in error guilty of a violation of section 24 of the Medical Practice Act. (Ill. Rev. Stat. 1941, chap. 91, par. 16i.) The information contained five counts. A motion to quash the fourth and fifth counts was sustained. A trial was had on the first, second and third counts. The first count

charged that plaintiff in error, not having a license under the act, did unlawfully diagnosticate or attempt to diagnosticate an ailment or supposed ailment of Charlotte Hermes, to-wit: did diagnosticate the condition of Charlotte Hermes as gastritis and adhesions in the neighborhood of an appendicitis scar.

The second count charged that plaintiff in error did unlawfully treat the alleged gastritis and adhesions by manipulation and applying pressure to her spine and back, and by cracking the bones in the neck and by turning the head upward quickly, and applying pressure to the abdomen, and by applying heat from electric pads and did prescribe a diet for the said Charlotte Hermes.

The third count charged that plaintiff in error unlawfully suggested, recommended or precribed a form of treatment for the palliation, relief or cure of a physical or mental ailment, to-wit: did suggest the treating of the alleged gastritis of Charlotte Hermes, by manipulation and other means, for which he received a fee.

The jury found the defendant not guilty under the first count of the information and guilty under the second and third counts. The court imposed a fine on plaintiff in error on the verdict of the jury under the second and third counts and ordered that he stand committed until the fine was paid. The judgment of conviction was affirmed by the Appellate Court for the Second District. By the writ of error herein, plaintiff in error seeks to reverse that judgment.

In the statement of errors relied upon in his brief, as required by Rule 39 of this court, there are twenty-one specifications of errors set out. Some of these alleged errors are not argued and some of them are not open to review in this court as will hereinafter be pointed out.

The first point argued by plaintiff in error is the contention that counts two and three of the information did not charge an offense under the statute. The information is almost identical in form with the information in *People*

v. *Paderewski,* 373 Ill. 197, *People* v. *Spencer,* 369 id. 57, and *People* v. *Shaver,* 367 id. 339. In those cases the informations were held to be sufficient. The same objections were there urged and the same arguments made and authorities cited to sustain the claim that no offense was properly charged. The contentions were overruled and the informations sustained. It is not necessary to restate what was said in those cases. It is sufficient to say that it applies to the present case. No error was committed by the trial court in denying the motion to quash counts two and three of the information.

Points two to seven, inclusive, urged for reversal, relate to the sufficiency of the evidence. It has long been the settled rule of this court that where a party files a written motion for a new trial he will be held to waive all causes therefor not set forth in his motion. (*Erikson* v. *Ward,* 266 Ill. 259.) The trial court should have an opportunity to correct its own errors, if any have been committed. *People* v. *Vickers,* 326 Ill. 290.

Rule No. 38 requires the party bringing a case to this court to furnish a complete abstract of the record. It must contain sufficient contents of the record to present fully every error relied upon. The substance of the record should be abstracted so that it will not be necessary to resort to the record to determine the issues presented. (*Morris* v. *Krejci,* 347 Ill. 381; *Village of Barrington* v. *Lageschulte,* 323 id. 343; *Inman* v. *Miller,* 234 id. 356.) The court will not search the record to supply deficiencies in the abstract. (*Clinton* v. *Drainage Comrs.* 341 Ill. 135.) Everything necessary to decide the questions raised on the appeal must appear in the abstract. (*Department of Finance* v. *Bode,* 376 Ill. 374.) Where there is no motion for a new trial shown in the abstract this court cannot consider the sufficiency of the evidence to support the verdict. *People* v. *Marshall,* 309 Ill. 122; *People* v. *Armour,* 307 id. 234;

*Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589;
*Herder* v. *People,* 209 id. 50.

The abstract filed in this case shows that a motion for a new trial was filed and overruled. This motion is no-where set out in the abstract, either in full, or in abstract form. At page 62 of the abstract we find what is cap-tioned "Additional Assignments on Motion for a new trial." Then follows what purports to be the 20th to 25th assign-ments, inclusive. These assignments relate to the second fourth, sixth and ninth instructions given on behalf of the People. In the statement of errors relied upon in the brief, no alleged error is mentioned with reference to any instruc-tions given on behalf of the People. The objections, there-fore, to these instructions, cannot be considered.

The additional assignments on the motion for a new trial, being the only objections raised by that motion which are shown in the abstract, no other questions can be con-sidered. Moreover, in the specifications of the errors relied upon, instructions offered by defendant and refused by the court, identified as numbers 1, 2, 4, 6 and 9, relate only to the first count in the information. The jury having found plaintiff in error not guilty under that count, he is in no position to complain of any error of the court in refusing to give instructions tendered by him, applicable only to that count. The 24th assignment of error in the only part of the motion for new trial found in the abstract, alleges that the court erred in giving the 12th instruction tendered by the People. This is the only point found in that portion of the motion for new trial contained in the abstract, which is also included in the statement of errors relied upon. The objection to this instruction is therefore saved for review. The instruction reads as follows: "The Court instructs the jury that if you find from all the evidence and beyond a reasonable doubt that Hugo Mattei, the defendant, treated the ailment or supposed ailment of Charlotte Hermes also

26

known as Mrs. Ralph Johnson, by any system or method for the treating of human ailments and received for said treatment the sum of Three ($3.00) Dollars or any other sum whatsoever then you should find the defendant, Hugo Mattei, guilty."

It is argued that this instruction took from the jury the right to pass on the issue of fact as to whether the plaintiff in error treated an ailment, or supposed ailment, of the prosecuting witness and that the instruction assumed that she had such an ailment. It is speciously argued that because the instruction referred to "the ailment or supposed ailment" that this was an improper assumption that the prosecuting witness had an ailment or a supposed ailment. We cannot so construe this instruction. It was not necessary, under the statute, that plaintiff in error treated an actually existing ailment. All the statute required, in order to subject him to the penalties therein provided, was that it be shown that he treated an ailment, or supposed ailment. It is argued that because the prosecuting witness testified that she had no ailment and because plaintiff in error testified that he did not suppose she had an ailment, it was error for the court to assume the existence of an ailment, or supposed ailment, in the instruction. The testimony shows that the prosecuting witness, when she appeared at the office of plaintiff in error, did complain of an ailment. In response to this, he made an examination and gave her treatment which undoubtedly he believed was designed to relieve the ailment complained of. To say that he did not suppose that she had an ailment, or a supposed ailment, is simply a play on words which has no foundation in fact. According to the argument of plaintiff in error, if he treated a patient for a supposed ailment and it turned out, as a matter of fact, that he was mistaken and the patient was really suffering from some other ailment than the one from which he supposed the patient was suffering and for which he gave the treatment, he could not be guilty under the

statute. His guilt or innocence would thus depend on the truth of the patient's statements or on the accuracy of his own diagnosis.

It is perfectly apparent from the record that the treatments given by plaintiff in error were given because he supposed the witness Hermes was suffering from the ailment which she described. Whether she, in fact, was suffering from that ailment has nothing whatever to do with the case. He was charged with giving treatment for the supposed ailment. That he did this is clearly established by the proof. It is not denied by him that the patient described what she alleged as her symptoms, and that in response thereto he gave the treatments. To say that he did not suppose she was suffering from the ailment which would be manifested by the symptoms which she related to him would be to wholly disregard the facts. It was not error to give this instruction.

It is next contended that the jury, having found plaintiff in error not guilty under the first count of the information by which it was charged that he unlawfully diagnosticated, or attempted to diagnosticate, an ailment, or supposed ailment, that this verdict of acquittal under that count is inconsistent with, and repugnant to the verdict finding him guilty under the second and third counts, and constitutes complete immunity from prosecution or conviction under those counts. This question was raised by plaintiff in error by what is designated in the record as a plea of *autrefois acquit*. This plea was filed after the verdict of the jury was returned. The same question is also raised by what is designated in the record as a plea for judgment of acquittal notwithstanding the verdict. This plea was also filed after the verdict was returned. The first count of the information charged a separate and distinct offense from that charged in either the second or third count. The verdict of acquittal under the first count was not repugnant to the verdict of guilty under the second and third counts

and does not bar a conviction under those counts, in whatever form the question might be raised.

Plaintiff in error further contends that the conviction cannot be sustained for the reason that he was not shown to have been engaged in giving treatments as a business. It is contended that he cannot be convicted of an isolated act where it is not shown he was engaged in giving such treatments as a business. This contention is without merit. One charged with practicing medicine without a license can not claim that proof of a mere isolated instance of treatment does not prove that he is practicing medicine. Each isolated instance may constitute a complete, separate and distinct violation of the statute. Section 24 of the Medical Practice Act provides a penalty for the violation of any of its terms in the disjunctive. Where the statute fixes a penalty for the doing of a specific thing, or another thing, or another, the offense is committed by one who does any of them, or two or more, or all of them. *People* v. *Friedman,* 374 Ill. 212.

It is finally contended that plaintiff in error was entrapped by the prosecuting witness, who is an investigator for the Department of Registration and Education of the State of Illinois. This point is without foundation as the evidence shows no more than artifice and stratagem were used to catch one engaged in a criminal enterprise. *People* v. *Paderewski, supra; People* v. *Guagliata,* 362 Ill. 427.

This disposes of all the errors relied upon which are preserved for review in the manner provided by law and the rules of this court. Errors not properly raised must be deemed waived. *People* v. *Cione,* 293 Ill. 321.

The judgment of the Appellate Court for the Second District is affirmed.     *Judgment affirmed.*