(No. 28439.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERMAN MUELLER, Plaintiff in Error.

*Opinion filed March 21, 1945.*

Ray E. Lane, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Joseph A. Pope, all of Chicago, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

A jury in the county court of Cook county found plaintiff in error guilty of violating the Medical Practice Act. A fine of $200 was assessed against him. The Appellate Court affirmed the judgment and the cause is here on writ of error.

The information consisted of four counts. The first charged defendant with unlawfully making diagnosis of human ills. The second charged him with treatment of a supposed ailment, the third, with suggesting or recommending treatment, and the fourth, with maintaining an office for the treatment of human ailments, all without being possessed of a license so to do. He first urges that the trial court should have quashed the information on the ground that it insufficiently charged a crime. This contention is without merit. The information in each count charged him with, on the 19th day of March, 1943, violating section 24 of the Medical Practice Act, setting out wherein such violations lay. *People* v. *Brown,* 336 Ill. 257,

cited by him, does not aid him. In that case the information was in the words of the statute, which did not define the crime or the acts composing it, and since the information did not inform the accused of the charge against him, it was not sufficient to sustain the conviction.

It has been repeatedly held by this court that an information is sufficient if it is specific enough to notify the accused of the charge he is to meet and to enable him to prepare his defense. (*People* v. *Shaver*, 367 Ill. 339; *People* v. *Westerdahl*, 316 Ill. 86; *People* v. *Love*, 310 Ill. 558.) Other cases in which informations very similar in form to the one under consideration here were held sufficient are *People* v. *Moe*, 381 Ill. 235; *People* v. *Paderewski*, 373 Ill. 197, and *People* v. *Spencer*, 369 Ill. 57.

Plaintiff in error also argues that the trial court erred in directing a sealed verdict and permitting separation of the jury without his consent, and denying him the right to poll the jury. Rule 38 of this court requires the party seeking a review to furnish a complete abstract of record referring to pages of the record by numerals on the margin. We do not find, in the abstract, an order of court directing the jury to return a sealed verdict nor do we find any objection by plaintiff in error to the entry of such an order. As this court has said, so frequently as to require no citation, it will not examine the record to find errors assigned by the appellant not contained in the abstract. The trial court is presumed to have performed its duty in respect to the separation of the jury before returning its verdict. If any irregularity occurs, it is incumbent upon the one affected thereby, who has objected thereto, to introduce his objection into the record by bill of exceptions. *People* v. *Meyer*, 331 Ill. 608; *McKinney* v. *People*, 2 Gilm. 540.

It is next contended the verdict is contrary to the law and the evidence. That plaintiff in error did not have a license to practice the treatment of human ailments without

the use of medicine or surgery in Illinois, was proved. No question is raised on that phase of the proof. The proof also is that he gave one Klein a diathermy treatment and a pill to take with water for his alleged gall-bladder ailment. While he contradicts this evidence, its truth was a question of fact for the jury. There is no reason on this record why this court should substitute its judgment for that of the jury. *People* v. *Barrett,* 261 Ill. 232; *Bonardo* v. *People,* 182 Ill. 411.

There is no prejudicial error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*