(No. 30056.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BOLDS, Plaintiff in Error.

*Opinion filed November 20, 1947—Rehearing denied Jan. 15, 1948.*

WILLIAM BOLDS, *pro se*.

GEORGE F. BARRETT, Attorney General, of Springfield, (FRANCIS I. KING, State's Attorney, of Rock Island, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, William Bolds, was found guilty of burglary in the circuit court of Rock Island County and was sentenced February 28, 1946, to the Illinois State Penitentiary for a term of not less than five years nor more than seven years. Appearing *pro se,* he has sued out this writ of error, presenting the common-law record and a duly authenticated transcript of the proceedings.

Plaintiff in error has assigned numerous errors in his brief and argument, both as to matters of law and of the evidence. He has not, however, filed an abstract of record but in lieu thereof has filed a verbatim copy of the entire record.

This court has many times held that assignments of error will not be considered unless an abstract of the record, made in accordance with Rule 38, has been filed. The abstract of record filed under the rules of court should be sufficient to present every error and exception relied upon to reverse the conviction for a crime. (*People* v. *Armour,* 307 Ill. 234; *People* v. *Marshall,* 309 Ill. 122; *People* v. *Ambolo,* 343 Ill. 480; *People* v. *Parker,* 345 Ill. 181; *People* v. *Mattei,* 381 Ill. 21.) This court has likewise held that it will not examine the record to find assigned errors not contained in the abstract of record furnished by plaintiff in error. (*People* v. *Hill,* 388 Ill. 247; *People* v. *Mueller,* 389 Ill. 585.) To accept the verbatim copy of the record and transcript furnished here as an

abstract would be repugnant to these uniform holdings, and would allow plaintiff in error to circumvent the express provisions of rules of court requiring that an abstract be filed.

The abstract is a pleading and must show all points on which plantiff in error relies. (*People* v. *Ambolo,* 343 Ill. 480.) The substance of the record should be so abstracted that it will not be necessary for this court to resort to the record to determine the issues presented. (*People* v. *Mattèi,* 381 Ill. 21.) Here, since no abstract of record has been filed, this court is unable to determine the sufficiency of the errors assigned.

There being nothing for this court to review from the record before us, the judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*