**People of the State of Illinois, Plaintiff-Appellee, v. Granville Bensley, Defendant-Appellant.**

**Gen. No. 10,997.**

Fourth District.

April 30, 1969.

<br>

William Cherikos, of Charleston, for appellant.

L. Stanton Dotson, State's Attorney, of Charleston, for appellee.

CRAVEN, J., delivered the opinion of the court.

A petition was filed in the Circuit Court of Coles County alleging the defendant to be a sexually dangerous person. After a jury trial a verdict was returned finding the defendant to be sexually dangerous and he was thereupon committed to the custody of the Director of the Department of Public Safety as a sexually dangerous person. This appeal is from that proceeding.

The defendant, in the only brief filed in this court, designated as "Abstract, Statement, Brief and Argument," asserts that the verdict of the jury was against the manifest weight of the evidence and that the trial court erred in refusing to grant a new trial and erred in certain evidentiary rulings. No abstract or excerpts of the report of proceedings have been filed. We have taken with the case a motion of the appellee to dismiss the appeal for failure to comply with the rules applicable to appeals.

██ ██ Rules of civil practice apply to appeals in proceedings relating to the Sexually Dangerous Persons Act (Ill Rev Stats 1965, c 38, pars 105–1.01, et seq.) ; People v. Fish, 36 Ill2d 220, 221 NE2d 637 (1966). Where, as

here, the appellant seeks a reversal of the proceedings below based upon errors in the trial proceeding, it is, of course, essential that this court have an abstract of those proceedings. The language of Mr. Justice Davis in People v. Garner, 91 Ill App2d 7, 234 NE2d 39 (2nd Dist 1968), although a criminal case, is appropriate here.

". . . The court will not examine the record to reverse the judgment where an insufficient abstract is filed. The rationale of this rule is that the abstract is the pleading of the appellant by which the cause of action established in the transcript of record is presented for review, and it must be sufficient to apprise the court of the errors relied upon for reversal, without the examination of the record itself. People v. Parker, 345 Ill 181, 182, 177 NE 727 (1931). Also see: Harris v. Annunzio, 411 Ill 124, 126, 103 NE2d 477 (1952); People v. Nelson, 398 Ill 623, 626, 76 NE2d 441 (1948); People v. Bolds, 398 Ill 626, 628, 76 NE2d 456 (1948); People v. Hill, 388 Ill 247, 248, 57 NE2d 859 (1944). A further and pragmatic reason for this rule is that reviewing courts are multiple judge courts and only one transcript of the record is filed." People v. Garner, 91 Ill App2d 7, 10 (234 NE2d 39, 41 (2nd Dist 1968)).

In connection with the filing of the motion to dismiss the appeal, this court was made aware of an order entered by the trial court releasing the defendant from the guardianship of the Director of the Department of Public Safety under the statutory provisions authorizing a conditional release.

■ This court much prefers to dispose of an appeal on the merits rather than by a disposition for noncompliance with procedural requirements. Where, however, the issue presented relates to the details of the trial

proceeding and no abstract thereof nor excerpts thereof are filed and other procedural deficiencies are noted, we feel compelled to grant the motion of the appellee to dismiss the appeal. It is so ordered.

Appeal dismissed.

TRAPP, P. J. and SMITH, J., concur.