(No. 27208.— ▋▋▋▋▋▋)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN BOYDEN, Plaintiff in Error.

*Opinion filed January 18, 1944—Rehearing denied March 16, 1944.*

JAMES W. FAULKNER, of Joliet, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and JAMES E. BURKE, State's Attorney, of Joliet, for the People.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error sued out the writ of error in this case to review the judgment of the county court of Will county. By the judgment plaintiff in error was convicted of violating certain provisions of the Dental Practice Act. He claims a constitutional question is involved, giving this court jurisdiction on direct review.

The record shows that an information was filed by the State's Attorney on February 6, 1942. The information was verified by the affidavit of Arthur W. Nimmer. There was endorsed thereon a certificate of probable cause, signed by the county judge. On February 11 the defendant made an oral motion to quash the information. This motion was overruled. He then entered a plea of not guilty. On

June 18, 1942, a jury trial was had. The jury found the defendant guilty, as charged in the second count of the information.

On June 27 a written motion for new trial was filed. By this motion there was no attempt to raise any constitutional question. On October 6, 1942, his present counsel made his first appearance in the cause. On that date he was given leave to file an amendment to his motion, setting out additional grounds for a new trial. On October 9 an amendment to the motion for new trial was filed. In support of his additional grounds for a new trial, plaintiff in error filed the affidavit of his counsel. In this affidavit it was set out that the affiant had had a conversation with Arthur W. Nimmer, who signed the affidavit to the information; that in this conversation the counsel had learned from Nimmer that he had no personal knowledge of the facts set out in the information. By the amendment to the motion for a new trial, it was alleged that the information was invalid for the reason that, "(a) It contravenes section 6, article II, of the Illinois constitution, the affiant therein, namely Arthur W. Nimmer, having neither actual independent knowledge of the matter stated in the information, which he swore to as a fact, nor possession of a verified confession of the accused. (b) The order granting leave to file the information and the order directing the warrant to issue thereon were obtained by a subterfuge practiced upon the court through the presentation of an information apparently legal on its face, but as the record now shows, is based solely upon hearsay." This is the only constitutional question raised and the only manner in which such question was raised. Upon this premise it is sought to sustain the jurisdiction of this court to review the judgment of the county court on the writ of error sued out of this court.

The information was supported by the affidavit of Nimmer in positive terms, "that he has read the foregoing

Information and knows the contents thereof, and that said Information and the matters and things therein stated are true."

In the case of *People* v. *Kennedy,* 303 Ill./ 423, the same question arose. There, the information was verified by the State's Attorney. At the close of the People's case the defendant called the State's Attorney to the witness stand. Upon examination he testified that he did not know personally that the matters and things set forth in the information were true, but that he derived his information from others. A motion was then made to exclude all the evidence. It was claimed that the information was invalid under section 6 of the Bill of Rights, because it was not verified by someone having personal knowledge of the facts but upon information which the State's Attorney had obtained from others. In passing on the question, this court said that the information was supported by affidavit in positive terms and complied with the provisions of the constitution. It was further observed, "The State's Attorney was not on trial, and the fact that he did not of his own personal knowledge know the facts but derived such knowledge from others which satisfied him of the existence of the facts was not ground for claiming the violation of the constitutional right."

The above language is particularly applicable to this case. The verification of Nimmer, attached to the information and which was the basis for the order of the county judge, authorizing it to be filed and directing the warrant to issue, was in positive terms. The attempt thereafter to show by the affidavit of defendant's counsel, or otherwise, that the affiant did not have personal knowledge of the facts stated in the information, was not sufficient to raise the constitutional question. It may be equally said here that Nimmer was not on trial, and the fact that he did not, from his own personal knowledge, know the facts, but derived such knowledge from others, which satisfied him of

the existence of the facts, was not ground for claiming a violation of defendant's constitutional rights. Clearly, there is no constitutional question involved on this record.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*