(No. 30334.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN BOYDEN, Plaintiff in Error.

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

410

JAMES W. FAULKNER, of Joliet, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, (JAMES E. BURKE, State's Attorney, of Joliet, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, John Boyden, was found guilty by a jury in the county court of Will County of violating certain provisions of the Dental Practice Act on July 25, 1941, and was sentenced October 19, 1942, to jail for six months and fined $1000. He sought a writ of error in this court to review the judgment of the county court claiming that a constitutional question was involved giving this court jurisdiction on direct review. On consideration of the constitutional question, we held that no such question was involved and the cause was transferred to the Appellate Court for the Second District. (*People* v. *Boy-*

*den,* 385 Ill. 521.) That court affirmed the judgment of the county court and the plaintiff in error now seeks to review the decision of the Appellate Court by writ of error.

The record discloses that on February 9, 1942, the State's Attorney of Will County filed an information charging Boyden did within the county of Will on July 25, 1941, violate the act to regulate the practice of dental surgery and dentistry by taking an impression of the teeth or jaws of a certain individual when the said Boyden did not possess a license to practice dentistry or dental surgery. The information also alleged that there was duly filed in the municipal court of Chicago on May 9, 1930, a certain information wherein John Boyden had been charged with a violation of the Medical Practice Act of Illinois, and a copy of the information in the Cook County matter was made a part of the information filed in 1942 in Will County. This previous information alleged that Boyden, not being licensed, had on June 25, 1929, unlawfully taken impressions of the teeth and jaws and fit a plate on the jaws of a certain individual in Chicago. It is also alleged in the present information that proceedings were had in due form of law in the municipal court of Chicago and that Boyden was duly adjudged guilty of violating the Medical Practice Act and was sentenced to pay a fine of $50 which he subsequently paid.

Plaintiff in error was arrested and filed a motion to quash the information, which was overruled. He then entered a plea of not guilty and the matter was tried before a jury which resulted in a verdict of guilty. Motions for a new trial and in arrest of judgment were filed and over-ruled, and he was then sentenced to jail for six months and to pay a fine of $1000. The offense charged as being committed on July 25, 1941, was a second one, and the above judgment was entered under the statute then in force. Ill. Rev. Stat. 1941, chap. 91, par. 70, sec. 16.

Plaintiff in error seeks a reversal of his conviction on the ground that the information is fatally defective as it fails to negative the exemptions of the statute upon which the charge is based. The exemptions form no part of the description of the offense. With respect to this contention, it has been decided by this court that when the exception is not a part of the description of the offense, but merely withdraws certain acts or persons from the operation of the statute, it need not be negatived, and its position in the act is of no consequence. *People ex rel. Courtney* v. *Prystalski,* 358 Ill. 198; *People* v. *Talbot,* 322 Ill. 416; *People* v. *Green,* 362 Ill. 171.

Plaintiff in error also contends that the information does not charge him with being previously convicted of any offense prohibited by the Dental Practice Act but charges him with a prior violation of the Medical Practice Act and that therefore his motion to quash that portion of the information alleging a prior conviction should have been sustained. It is to be noted that the information filed in the municipal court of Chicago upon which the prior conviction was based referred to a violation of the "Medical Practice Act." However, the charges of misconduct contained in the information clearly indicate that the defendant was charged with practicing dentistry and was in fact found guilty because he had attempted to practice dentistry without a license. That information is as follows:

"State of Illinois, County of Cook, City of Chicago, ss.

### IN THE MUNICIPAL COURT OF CHICAGO

DELL MATHEWS, a resident of the City of Chicago in the State aforesaid, in his own proper person, comes now here into court, and in the name and by the authority of the People of the State of Illinois, gives the Court to be informed and understood that John Boyden heretofore, to-wit: On the 25th day of June, A.D. 1929, at the City of Chicago, aforesaid Then and there not possessing in full force and effect a valid and existing license to practice

dentistry or dental surgery in the State of Illinois, did then and there unlawfully represent himself as being able to diagnose and treat any disease, pain, injury, deficiency, deformity or physical condition of the human teeth, and did then and there unlawfully ﹍nd wilfully take impressions of the teeth or jaws of Mrs. Vernon Carrington, and did then and there fit a plate on the jaws of the said Mrs. Vernon Carrington, and for said diagnosis and treatment did demand and receive a fee of fifty dollars ($50.00) from the said Mrs. Vernon Carrington—In violation of the Dental Practice Act contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

DELL MATHEWS."

The information in the present case charges that the fine imposed by the municipal court was paid, and concludes that by reason of the foregoing Boyden stands convicted of practicing dentistry in this State without a license. It was entirely possible for the plaintiff in error to be fully apprised of the charges against him and we believe that the prior conviction was clearly one for violating the Dental Practice Act.

Error is assigned on the giving of instructions. The abstract does not recite that the instructions as therein enumerated are all of the instructions that were given. Under this condition of the abstract we are not required to consider an assignment of error based on the giving of instructions. (*People* v. *Terracco,* 346 Ill. 423; *People* v. *Ball,* 333 Ill. 104; *People* v. *Gawlick,* 350 Ill. 359, 363.) We have, nevertheless, considered the instructions given for the People and those given for the plaintiff in error. Like matters are contained in the instructions of the plaintiff in error as are contained in those of which he complains given for the People. We cannot, therefore, hold that there was error in the giving of the People's instructions.

Complaint is made by plaintiff in error that the witness, Edward Russell, was employed to trap him, and that the evidence of a paid investigator is entitled to but little weight and conviction cannot be based thereon. Simply affording

414

the defendant the opportunity to violate the statute does not constitute an entrapment. *People* v. *Guagliata,* 362 Ill. 427; *People* v. *Mattei,* 381 Ill. 21.

We have considered the other contentions made by plaintiff in error and are of the opinion that he has had a fair and impartial trial free from prejudicial error, and that the evidence clearly established his guilt of the offense charged. We find no errors at law which would reasonably affect the result.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*